UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

      v.

TING BIN LIN,

      Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CR-00295 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 7, 2022, Ting Bin Lin ("Defendant") pled guilty to a lesser included offense of the sole count of the Indictment pursuant to plea agreement, charging Defendant with a violation of 21 U.S.C. § 841(b)(1)(C). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to 36 months of incarceration, 2 years of supervised release with special conditions, and a $100.00 mandatory special assessment.

## BACKGROUND

On May 28, 2021, a grand jury returned an Indictment charging Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). As alleged in the Indictment, on or about April 28, 2021, Defendant, together with others, conspired to distribute and possess with intent to distribute 1,000 kilograms or more of a substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. On June 7, 2022, Ting Bin Lin ("Defendant") pled guilty to a lesser included offense of the sole count of the Indictment pursuant to plea agreement, charging Defendant with a violation of 21 U.S.C. § 841(b)(1)(C).

## DISCUSSION

The Court now sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

I.  **Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, No. 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

II. **Analysis**

**A. The History and Characteristics of the Defendant and the Nature and Circumstances of the Offense**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

1.  Family and Personal Background

Defendant was born on December 1, 1992 in Fuzhou, China to Fuji Lin and Yingzhen Ye. Presentence Investigation Report ("PSR") ¶ 29, ECF No. 36. Defendant was raised in a

lower-income neighborhood in China. Defendant reported an unremarkable childhood and no experience of abuse. *Id.* ¶ 32. Defendant's family ultimately moved to the United States from China in search of better economic opportunities. *Id.* ¶ 35.

Both of Defendant's parents are alive and reside in Queens, New York. Defendant's father suffers from unnamed sinus and stomach ailments and is presently unemployed and reliant on financial assistance. *Id.* ¶ 29. Defendant's mother is in good health and is not employed outside of the home. *Id.* Defendant resides in his parents' home in Queens and provides them with financial support. *Id.* Defendant's parents are aware of his current prosecution and remain supportive of him. *Id.*

Defendant has two sisters, both of whom reside in Queens, New York. *Id.* ¶ 30. Defendant's sister, Yanqin Lin, who works as a home health aide, described Defendant as a "good and caring person who is the patriarch of the family." *Id.* ¶¶ 30-31. Ms. Lin confirmed Defendant provides his parents with financial assistance. *Id.* ¶ 31. Ms. Lin also reported she is unable to assist her parents herself due to her current pregnancy and modest income. *Id.* ¶ 31. Ms. Lin noted at the time preceding the instant offense, Defendant was unemployed due to the COVID-19 pandemic but recalled a friend had recommended him for a job unloading trucks. *Id.*

Defendant has been in a romantic relationship with Hong Ling since approximately 2014. *Id.* ¶ 33. Defendant and Ms. Hong are presently engaged and have two children together, aged five and three. *Id.* Ms. Hong described Defendant as a good person and spoke positively about their relationship. *Id.* ¶ 34. Ms. Hong noted she earns roughly $20,760 per year as a nail technician and will struggle to support her family without Defendant's financial contributions. *Id.* With respect to Defendant's instant offense, Ms. Hong stated Defendant has made a terrible

3

mistake and mentioned he participated in the offense because he was unemployed due to the COVID-19 pandemic and needed money. *Id.*

### 2. Educational and Employment History

Defendant attended John Bowne High School in Queens, New York, where he completed grades eight, ten, and eleven. *Id.* ¶ 41. Defendant attended ninth grade at Chapin High School in Illinois but left due to stomach and digestive problems. *Id.* Defendant ultimately left school because he was having difficulty learning English. *Id.*

Defendant is currently employed as a part-time cleaner. *Id.* ¶ 44. Prior to his current job, Defendant reported he was unemployed due to the COVID-19 pandemic and relied on friends and family members for financial assistance during this time. *Id.* ¶ 45. Defendant reported he worked as a cook at a restaurant on Long Island, New York between March and April 2021 but left the restaurant following an argument with the owner's wife. *Id.* ¶ 46. Between 2019 and 2020, Defendant worked as a waiter at a night club in Queens, New York but left the position when the business was sold. *Id.* ¶ 47. Prior to 2019, Defendant held various positions, including as a construction worker, driver, and cook. *Id.* ¶ 48. Defendant filed income tax returns in 2017, 2018, 2019, 2020, and 2021. *Id.* ¶ 49.

### 3. Prior Convictions

Defendant has no prior convictions, pending charges, or other arrests. *Id.* ¶¶ 25-27.

### 4. Medical and Mental Health

Defendant suffers from sinus problems and elevated blood pressure. *Id.* ¶ 37. Besides these ailments, Defendant reported he is in good mental and emotional health, with no history of any mental, emotional, or gambling problems. *Id.* ¶ 38.

### 5. Substance Abuse

Defendant has never used any illegal narcotics and does not drink. *Id.* ¶¶ 39-40.

### 6. Nature and Circumstances of the Offense

On April 29, 2021, an individual known to the Government, working for Minerva Transport, a trucking company based in Edmonton, Alberta in Canada, drove a preloaded truck from Stony Creek in Ontario, Canada to the Peace Bridge Port of Entry in Buffalo, New York. *Id.* ¶ 2. While at the port of entry, U.S. Customs and Border Protection (CBP) officers conducted a routine screening using a canine unit trained to detect narcotics, including marijuana. *Id.* The canine displayed a positive signal for the detection of narcotics in the truck. *Id.* A CBP officer asked the individual what he was hauling and where it was going, to which he responded he was transporting recycled cardboard destined for Syracuse, New York. *Id.* CBP officers also conducted a Vehicle and Cargo Inspection System ("VACIS") exam, which involves using an x-ray system to image the contents of a truck. *Id.* The VACIS exam revealed the truck contained numerous large satchels that appeared to contain smaller packages of a loose substance inside. *Id.* A search inside the tractor trailer revealed 25 palletized white plastic satchels. *Id.* A search of one of the satchels revealed a green leafy material which field tested positive for marijuana. *Id.* A total of 1,709.4 kilograms of marijuana was recovered from the vehicle. *Id.*

Homeland Security Investigations (HSI) agents and law enforcement officials responded to the port of entry. *Id.* ¶ 3. HSI officers directed the individual driving the truck to continue towards their intended destination. *Id.* During the trip, the dispatcher at Minerva Transport changed the drop-off location from Syracuse, New York to Boston, Massachusetts, then to Brooklyn, New York, then to South Plainfield, New Jersey and finally to 110-80 Dunkirk Street in Queens, New York, where the truck was ultimately unloaded. *Id.* Shi Guang Huang and Xin Zhou met the truck on the street and helped maneuver it into the warehouse. *Id.* Ting Bin Lin, Weiwei Huang and Lin Wei were inside the warehouse and unloaded the contents of the tractor trailer. *Id.* The co-conspirators were arrested without incident. *Id.*

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, justly punishes him for this offense, and seeks to deter others from engaging in similar acts.

**C. The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(B)(1)(C). For this offense, Defendant faces a

6

maximum term of imprisonment of twenty years and a maximum term of supervised release of life. *See* 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(C), and 21 U.S.C. § 841(b)(1)(C).

Defendant is also eligible for a term of not less than one nor more than five years of probation because the instant offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). If probation is imposed, a fine, restitution, or community service must also be imposed as a condition of probation unless the Court finds that extraordinary circumstances exist that would make such a condition plainly unreasonable. 18 U.S.C. § 3563(a)(2).

Defendant also faces a maximum fine of $1,000,000.00 under 21 U.S.C. § 841(b)(1)(C). Probation notes, based on Defendant's financial profile, he appears unable to pay a fine. PSR ¶ 51.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable guideline for offenses under 21 U.S.C. § 846 is U.S.S.G. § 2D1.1(a)(5), which provides a base offense level of 30. Defendant satisfied all five factors pursuant to U.S.S.G. § 5C1.2(a), as he provided a complete and truthful statement regarding the instant offense and all related conduct to date. Therefore, the offense level is reduced by 2 levels. Defendant was a minimal participant in the offense, thus the offense level is reduced by 4 additional levels pursuant to U.S.S.G. § 3B1.2(a). As Defendant has clearly demonstrated acceptance of responsibility for the offense, the offense level is further reduced by 2 levels pursuant to U.S.S.G. § 3E1.1(a). Since the government was notified in a timely manner of the

7

defendant's intention to enter a plea of guilty, the offense level is reduced by an additional 1 level pursuant to U.S.S.G. § 3E1.1(b). Defendant has no criminal history apart from the instant offense, thus his criminal history category is I. This results in an adjusted offense level of 21.

Based upon a total offense level of 21 and a criminal history category of I, the recommended Guidelines range is thirty-seven (37) to forty-six (46) months imprisonment.

Probation recommends a sentence of twelve (12) months and one (1) day of custody, followed by two (2) years of supervised release with the following special conditions: (1) defendant shall cooperate with and abide by all instructions of immigration authorities; and (2) if removed, defendant may not reenter the United States illegally. Probation Sentencing Recommendation at 2, ECF No. 36-1. Probation notes the defendant should receive a one-level departure because in the plea agreement, the government and defense counsel agree to such a departure if the defendant pled guilty pursuant to a plea offer made before June 3, 2022. *Id.* The Government recommends a sentence within the guidelines range, factoring in the one-level departure recommended by Probation. Government's Sentencing Memorandum ("Gov't Mem.") at 1, ECF No. 46. Defense counsel seeks a departure from the Guidelines range and instead recommends probation rather than incarceration. Defendant's Sentencing Memorandum ("Def. Mem.") at 1, ECF No. 45.

E. **Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5). The parties do not reference any applicable policy statement here. Finding none, the Court continues to the sixth § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense" 18 U.S.C. § 3553(a)(7), which is not applicable here.

## CONCLUSION

The Court finds a sentence of 36 months of incarceration, 2 years of supervised release with special conditions, and a $100.00 mandatory special assessment is consistent with and is sufficient but not greater than necessary to accomplish the purposes of § 3553.

The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein, and to the extent they are not inconsistent with the Court's sentence.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2023
Brooklyn, New York